JUSTICE WEBER
delivered the Opinion of the Court.
Plaintiff, Cassie Campbell (Campbell) brought a negligence action against the defendant, Jeffrey Dean Johnson (Johnson) as a result of an auto-pedestrian accident. A jury in the Seventh Judicial District Court, Richland County, Montana, found that Johnson was not negligent. Campbell appeals. We affirm.
The following issues are brought by the plaintiff on appeal:
1. Was it error for the investigating officer to offer opinion testimony regarding the cause of the accident?
2. Was it reversible error for the investigating officer to offer opinion testimony regarding the unsafe behavior of another driver?
On February 28,1987, while Campbell was crossing in the middle of the 400 block of South Central Avenue in Sidney, Montana, Campbell and Johnson’s vehicle collided. Central Avenue is a four-lane street with a parking lane on both sides running north and south. The 400 block on Central Avenue has a traffic light at the intersection to the south and a crosswalk at the intersection to the north.
Just prior to the accident Johnson was driving his car in the left southbound lane of Central Avenue. Although Johnson saw Campbell by the curb waiting to cross the street, he looked away before she stepped into the street. Campbell stated that she did not see Johnson’s car before stepping into the street. Campbell safely crossed the right southbound lane, then stepped into the left southbound lane and into the right front fender of Johnson’s car. Campbell was twelve years old at the time of the accident.
*14 The investigating officer, Dennis Palmer (Palmer) of the Sidney Police Department, testified that when he arrived at the scene, Johnson had moved his car, and Campbell was lying in the street in the right southbound traffic lane about fifteen feet from the curb. Palmer testified that no skid marks appeared on the roadway, indicating that Johnson did not apply his brakes. Similarly, he found no scuff marks from the collision. Palmer examined the bent radio antenna, the windshield damage, the position of dents on Johnson’s vehicle, as well as the right front fender where accumulated road film and dust were disturbed. Palmer measured Campbell’s position in the street and the placement of her injuries. From this investigation, Palmer testified as to his conclusion that the point of contact was the right front fender of Johnson’s vehicle.
Palmer also obtained statements from Campbell, Johnson and several eye witnesses to the accident. Palmer testified that the witness statements were consistent with his conclusion that Campbell impacted with the right front fender of the vehicle. An eye witness to the accident, David Reidle (Reidle), was driving in the left northbound lane. According to his statement, Reidle observed Campbell waiting to cross the street and stopped his vehicle in the middle of the block to allow Campbell to cross.
At the trial, over objection of the plaintiff, Palmer testified that in his opinion “the accident was caused by the sudden movement of the pedestrian in the middle of the block out into the traveled portion of the road.” This testimony is the basis for the first claimed error. Palmer also testified over objection that in his opinion, it was unsafe for Reidle to stop his vehicle in the middle of the block. “It leads people to believe that traffic is going to stop for them in the middle of the block.” This testimony is the claimed basis for the second error.
I
Was it error for the investigating officer to offer opinion testimony regarding the cause of the accident?
Appellant contends that Palmer’s opinion testimony regarding the cause of the accident was inadmissible under Smith v. Rorvik (1988), 231 Mont. 85, 751 P.2d 1053. Smith involved an auto-pedestrian accident where the defendant failed to list the investigating officer as an expert prior to trial. In that case, this Court held that it was error to allow the officer to offer his opinion as to the negligence of one of the parties.
*15 Clearly, this case is distinguishable from Smith. Here, Palmer’s testimony concerned the cause of the accident, not the negligence of the parties. Further in this case, Johnson listed Palmer as an expert prior to trial. In Smith, this Court concluded that because the officer was not listed as an expert prior to trial, the plaintiff lacked adequate opportunity to challenge the basis of the officer’s opinion.
“Upon proper requests by Smith through interrogatories that Rorvik identify any expert witnesses, it became the duty of Rorvik to identify those witnesses, including the highway patrolman before trial. (A proper disclosure by Rorvik of the intention to call the patrolman as an expert on civil liability would have warned Smith and led to probable further motions to the court respecting the foundation for the patrolman’s testimony as an expert.) ... If the information obtained by the patrolman through his investigation were insufficient for him to form an opinion as an expert, the lack of foundation to qualify him for his opinion would be an issue for determination.” [Citations omitted], (Emphasis supplied.)
Smith, 751 P.2d at 1056.
We do not conclude that Palmer is barred from testifying -under Smith. Here Johnson identified Palmer as an expert prior to trial, and Campbell twice challenged the foundation of Palmer’s opinion by requesting the court exclude Palmer’s testimony regarding the cause of the accident. Campbell engaged in extended cross-examination of witness Palmer. In denying Campbell’s pretrial motion in limine and her objection at trial, the trial court found that Palmer had sufficient information to testify as an expert regarding the cause of the accident.
We agree with the trial court’s holding. Palmer investigated the accident by measuring Campbell’s position in the roadway, examining Campbell’s injuries as well as the antenna, windshield, dents, and the places on Johnson’s fender where dust had been disturbed. In addition, he found no skid marks to indicate that Johnson applied his brakes prior to impact. After examining the physical evidence and obtaining witness statements, Palmer determined Campbell’s point of impact with the car and concluded that Campbell caused the accident by colliding with the right front fender of Johnson’s car.
Defendant asserts that this Court should defer to the ruling of the trial court which allowed the opinion testimony, citing Cline v. Durden (1990), 246 Mont. 154, 803 P.2d 1077. Cline stated:
“ ... Under the Montana Rules of Evidence, the trial court is given wide latitude in determining whether to admit opinion testimony of investigative officers. Leeway is allowed in such instances, and *16 provided that the cross examiner is given adequate opportunity to elicit any assumptions or facts underlying the expert’s opinion, the weight to be given the testimony is for the trier of fact to determine.” [Citations omitted.] (Emphasis supplied.)
Cline, 803 P.2d at 1080.
Under Cline, the trial court here was given wide latitude in determining whether to admit opinion evidence of the investigative officer. Palmer testified that he studied accident investigation during basic training at the Montana Law Enforcement Academy. After six years as a law enforcement officer, Palmer investigated approximately 200 accidents prior to this accident. The evidence obtained by witness Palmer during his investigation, coupled with his experience in accident investigation, provided a sufficient basis for the court to determine that Palmer had a proper foundation to testify. As in Cline, the record indicates that Campbell cross-examined Palmer to elicit the assumptions and facts underlying his opinion testimony. We conclude the District Court properly admitted the opinion testimony. We hold that it was not error to allow the investigating officer to offer opinion testimony regarding the cause of the accident.
We point out that in the present case, Campbell filed the appeal based on a partial trial transcript which contained only the testimony before the District Court on the part of Officer Palmer. It did not contain any of the testimony of other witnesses. The record does include minute entries made by the clerk which contain a summary of the testimony of some of the witnesses. As a result, we are not able to compare the testimony on the part of other witnesses to the transcribed testimony of Officer Palmer.
II
Was it reversible error for the investigating officer to offer opinion testimony regarding the unsafe behavior of a non-party driver?
Appellant contends Palmer’s testimony that it was unsafe for Mr. Reidle to stop his vehicle in the middle of the block to allow Campbell to cross was irrelevant, conclusory and prejudicial to Campbell’s case. Johnson contends that this argument is speculative and urges this Court to uphold the findings of the District Court when it stated:
‘While the conduct of Mr. Reidle does not appear to have anything to do with the accident itself, Plaintiffs speculate that any comment concerning the propriety of his [Reidle’s] actions may have been given great weight by the jury. However, there is nothing to indicate that *17 the jury accorded any significant weight to such comment. To grant a new trial only on the basis of this argument would be speculation on the part of the Court.”
We conclude that the District Court correctly characterized the plaintiff’s argument as speculative and that the testimony regarding the propriety of the conduct of a non-party witness did not prejudice Campbell’s case. Campbell failed to offer any evidence tending to show that the testimony was significant.
We hold that it was not reversible error for the trial court to allow the officer to offer opinion testimony on the propriety of Reidle’s conduct.
Affirmed.
CHIEF JUSTICE TURNAGE and JUSTICES HARRISON, GRAY, and McDONOUGH concur.